IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| C. KAUI JOCHANAN AMSTERDAM, | ) | CIVIL NO. 13-00649 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE; ORDER |
| | ) | DENYING AS MOOT ALL PENDING |
| vs. | ) | MOTIONS |
| | ) | |
| NEIL ABERCROMBIE; CLAYTON HEE; JOSEPH SOUKI; DONNA MERCADO KIM; and KARL RHOADS, in their individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING CASE; ORDER DENYING AS MOOT ALL PENDING MOTIONS**

**I.     INTRODUCTION.**

Plaintiff C. Kaui Johanan Amsterdam, a native Hawaiian, seeks to enjoin as violative of section 5(f) of Hawaii's Admission Act a recently enacted state law that allows same-sex couples to marry. Because Amsterdam's Complaint fails to assert a claim for which he has standing, the court dismisses his Complaint and denies as moot his motions to enjoin the law allowing same-sex marriages.

**II.     BACKGROUND.**

Hawaii became a state via the Admission Act, P.L. 86-3 (March 18, 1959), <u>reprinted in</u> 73 Stat. 4, 5. In the Admission Act, the United States granted Hawaii title to all public lands and public property within Hawaii, except for lands that the federal government retained for its own use. P.L. 86-3, § 5(b),

73 Stat. at 5.  The public lands granted to Hawaii, as well as the proceeds and income therefrom, became lands held by Hawaii "as a public trust."  Haw. Const. art. XII, § 4; Rice v. Cayetano, 528 U.S. 495, 507-08 (2000).

According to the Admission Act, the State of Hawaii is the trustee of that public trust, and is supposed to use the trust for one or more of five enumerated purposes:

> [1] for the support of the public schools and other public educational institutions,
> [2] for the betterment of the conditions of native Hawaiians, as defined in the Hawaiian Homes Commission Act, 1920, as amended,
> [3] for the development of farm and home ownership on as widespread a basis as possible[,][4] for the making of public improvements, and [5] for the provision of lands for public use.

P.L. 86-3, § 5(f), 73 Stat. at 6.

The Ninth Circuit has determined that section 5(f) of the Admissions Act creates rights enforceable under 42 U.S.C. § 1983.  See Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1472 (9th Cir. 1984); see also Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990).

On November 13, 2013, Governor Neil Abercrombie signed into law Senate Bill 1 from the 2013 Special Session of the Hawaii Legislature.  That new law, known as the Hawaii Marriage Equality Act of 2013, takes effect on December 2, 2013, and provides same-sex couples with the same rights, benefits,

protections, and responsibilities of marriage that opposite-sex couples enjoy.

### III.     THE COMPLAINT IS DISMISSED BECAUSE AMSTERDAM LACKS STANDING TO PURSUE THE CLAIM(S) ASSERTED IN IT.

On November 25, 2013, Amsterdam filed the Complaint in this matter, along with a motion to enjoin the Hawaii Marriage Equality Act of 2013 and a motion seeking to temporarily enjoin that act.  Because Amsterdam has asked this court to temporarily enjoin a law that is about to take effect, the court immediately examined his filings.  Determining that Amsterdam lacks standing to pursue his claim(s), this court dismisses his Complaint.

"[W]hether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing."  D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008) (quotation marks, citation, and alterations omitted).  This court therefore has "both the power and the duty" to examine the Amsterdam's standing.  Id.; Bernhardt v. Cnty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002).

In order to have standing to bring this suit, Amsterdam must show that: 1) he suffered a "concrete and particularized" and "actual or imminent" (as opposed to "conjectural or hypothetical") injury-in-fact; 2) his injury is causally connected to the conduct complained of; and 3) it is likely (not merely speculative) that its injury will be "redressed by a

favorable decision." San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996); accord Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733 F.3d 939, 950 (9th Cir. 2013).

Amsterdam's Complaint argues that the Hawaii Marriage Equality Act of 2013 breaches the public trust established by section 5(f) of the Admission Act because the majority of Native Hawaiians who testified during the legislative process were against it and requested that their cultural and spiritual beliefs be respected. Although Amsterdam claims a violation of section 5(f), nothing alleged in the Complaint actually indicates that any claim arises out of the use of the public trust for any of section 5(f)'s five enumerated purposes, which are:

> [1] for the support of the public schools and
> other public educational institutions,
> [2] for the betterment of the conditions of
> native Hawaiians, as defined in the Hawaiian
> Homes Commission Act, 1920, as amended,
> [3] for the development of farm and home
> ownership on as widespread a basis as
> possible[,][4] for the making of public
> improvements, and [5] for the provision of
> lands for public use.

P.L. 86-3, § 5(f), 73 Stat. at 6.

This court recognizes that claims may be brought under § 1983 for alleged breaches of the public trust created by section 5(f), but Amsterdam fails to assert viable section 5(f) claims. That is, he fails to demonstrate that the Hawaii Marriage Equality Act of 2013 could, in any way, be interpreted

4

as violating section 5(f) of the Admission Act such that he could be said to have suffered an injury to his rights under section 5(f). Without such a demonstration, Amsterdam fails to show a legally cognizable injury caused by Defendants' conduct that this court could redress. Because he lacks standing to pursue the claim(s) asserted in the Complaint, the court dismisses this case for lack of subject matter jurisdiction. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (stating that standing pertains to a federal court's subject matter jurisdiction).

Although it is not entirely clear from the Complaint, Amsterdam may believe that the Hawaii Marriage Equality Act of 2013 violates his federal constitutional rights under the Freedom of Religion Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. However, he alleges no facts supporting any such claim. He does not even sufficiently allege that he practices a religion affected by the Hawaii Marriage Equality Act of 2013 or that he is a member of a protected class that is being treated less favorably than another. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (quotation marks and citations omitted)); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8

announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (quoting Twombly, 550 U.S. at 555)).  A liberal but fair reading of the Complaint does not permit a conclusion that Amsterdam actually asserts claims that Amsterdam's First and Fourteenth Amendment rights are being violated.

**IV.       CONCLUSION.**

The court dismisses the Complaint.  Given this dismissal, the court denies as moot all pending motions.  In dismissing the Complaint, the court has not examined whether any particular Defendant is properly named or may have some sort of immunity with respect to Amsterdam's claim(s).

In case Amsterdam intended to assert violations of his First and Fourteenth Amendment rights under the United States Constitution, the court invites him to file a First Amended Complaint no later than December 24, 2013.  If Amsterdam fails to timely amend his Complaint, the Clerk of Court is directed to enter judgment in favor of Defendants.

The Clerk of Court is directed to send a copy of this order to David M. Louie, Attorney General for the State of Hawaii, 425 Queen Street, Honolulu, Hawaii 96813.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 26, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Amsterdam v. Abercrombie, et al.; Civil No. 13-00649 SOM/KSC; ORDER DISMISSING CASE; ORDER DENYING AS MOOT ALL PENDING MOTIONS