IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| C. KAUI JOCHANAN AMSTERDAM, | ) | CIVIL NO. 13-00649 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS AND DENYING AS MOOT |
| vs. | ) | ALL OTHER PENDING MOTIONS |
| | ) | |
| NEIL ABERCROMBIE; CLAYTON HEE; JOSEPH SOUKI; DONNA MERCADO KIM; and KARL RHOADS, in their individual and official capacities, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) ) | |

**ORDER GRANTING MOTION TO DISMISS AND
DENYING AS MOOT ALL PENDING MOTIONS**

**I.      INTRODUCTION.**

On November 26, 2013, this court dismissed Plaintiff C. Kaui Johanan Amsterdam's Complaint, which sought to enjoin a recently enacted state law that allows same-sex couples to marry. ECF No. 7.  Because the law was about to take effect, this court treated Amsterdam's motion for "immediate temporary injunction" as a request for a temporary restraining order and reviewed the claims in Amsterdam's Complaint posthaste.  The court noted that it was "required sua sponte to examine jurisdictional issues such as standing," D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotation omitted), and held that Amsterdam failed to assert a claim for which he had standing.  The court gave Amsterdam leave to amend his Complaint

to assert the particularized injury he would allegedly suffer, or to clarify any constitutional claims he sought to bring.

On December 24, 2013, Amsterdam filed his First Amended Complaint ("FAC"), along with a "motion for an immediate temporary injunction" and a "motion for judgment."  ECF Nos. 9, 15, 16.  On January 14, 2014, the State filed a motion to dismiss Amsterdam's FAC.  ECF No. 29.  Because Amsterdam continues to provide insufficient allegations of individualized injury giving him standing to challenge Hawaii's marriage equality law, the court grants the motion to dismiss and denies as moot all other pending motions.  Noting that there is no indication that Amsterdam will be able to cure the FAC's deficiencies by further amendment, this court concludes that any future amendment would be futile.

**II.        BACKGROUND.**

On November 13, 2013, Governor Neil Abercrombie signed into law Senate Bill 1 from the 2013 Special Session of the Hawaii Legislature.  That new law, known as the Hawaii Marriage Equality Act of 2013, took effect on December 2, 2013, and provides same-sex couples with the same rights, benefits, protections, and responsibilities of marriage that opposite-sex couples enjoy.

Amsterdam, a Native Hawaiian, claims to be an "officer of The Interim Government of The Kingdom of Hawaii" and a "leader

in the Native Hawaiian and Jewish communities." FAC 1-2, ECF No. 9. Amsterdam seeks to enjoin the Hawaii Marriage Equality Act as violating various laws that recognize the "unique [] political status of Native Hawaiians." Id. at 3. In his original Complaint, Amsterdam largely relied on section 5(f) of the Admission Act as the legal basis for his claim. Amsterdam argued that section 5(f) was violated "because the majority of Native Hawaiians who testified during the legislative process were against [marriage equality] and [had] requested that their cultural and spiritual beliefs be respected." ECF No. 7 at 4. This court, having been called upon in prior cases to construe section 5(f), is conscious that it says nothing about marriage at all.

This court noted that Amsterdam had "fail[ed] to show a legally cognizable injury caused by Defendants' conduct that th[e] court could redress." Id. at 5. The court also noted, "Although it [wa]s not entirely clear from the Complaint, Amsterdam may believe that the Hawaii Marriage Equality Act of 2013 violates his federal constitutional rights under the Freedom of Religion Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment." Id. However, the court stressed that Amsterdam "allege[d] no facts supporting any such claim" and did not "even sufficiently allege that he practices a religion affected by the Hawaii Marriage Equality Act

of 2013 or that he is a member of a protected class that is being treated less favorably than another." Id.  The court then noted that "[i]n case Amsterdam intended to assert violations of his First and Fourteenth Amendment rights under the United States Constitution, [he should] file a First Amended Complaint no later than December 24, 2013." Id. at 6.

On December 24, 2013, Amsterdam filed his First Amended Complaint, along with a "motion for an immediate temporary injunction" and a "motion for judgment."  ECF Nos. 9, 15, 16. With the Hawaii Marriage Equality Act already in effect, the court saw no need to take immediate action.  See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974) ("[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.").  On January 14, 2014, the State filed a motion to dismiss Amsterdam's FAC on the grounds of lack of standing and failure to state a claim.

**III.   LEGAL STANDARD**

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their

4

face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)

When, as here, the challenge is facial rather than factual, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  In a facial attack on jurisdiction, the court "confin[es] the inquiry to allegations in the complaint." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1040, n.2 (9th Cir. 2003).[1]

**IV.     ANALYSIS**

As this court said in its order dismissing Amsterdam's original Complaint, Amsterdam must establish standing by showing that: 1) he suffered a "concrete and particularized" and "actual or imminent" (as opposed to "conjectural or hypothetical") injury-in-fact; 2) his injury is causally connected to the conduct complained of; and 3) it is likely (not merely speculative) that the injury will be "redressed by a favorable

---

[1] Although the State also moves to dismiss the FAC under Rule 12(b)(6), this court does not reach that issue and therefore does not include here the legal standard for such a motion.

decision." San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996); accord Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733 F.3d 939, 950 (9th Cir. 2013). "At the preliminary injunction stage, plaintiffs must make a clear showing of each element of standing." Townley v. Miller, 722 F.3d 1128, 1133 (9th Cir. 2013) (internal quotation omitted).

Although Amsterdam lists many federal statutes that he says entitle him to relief, the FAC fails to cure the basic defect evident in the original Complaint: Amsterdam simply fails to articulate a legally cognizable injury. Amsterdam argues that the Act "is contrary to and undermines Hawaii's Motto and the religious, cultural moral values of the Plaintiff and the majority of Native Hawaiians." FAC at 6, ECF No. 9. Amsterdam further asserts that "[s]ame-sex sexual relations are . . . a desecration of the land and as such weaken[] and destroy[] the health and well-being of the land, the Native Hawaiian People, the population-at-large, and the Plaintiff." Id. at 7.

These generalized grievances reflect Amsterdam's disapproval of the legislature's judgment, not a concrete and particularized injury to him personally. "Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" Arizona Christian Sch. Tuition Org. v. Winn, 131 S. Ct. 1436, 1441 (2011). The courts are not a "vehicle for the vindication of

value interests." Diamond v. Charles, 476 U.S. 54, 62 (1986), nor is their proper role to superintend the political judgment of democratically elected legislators. See Hein v. Freedom From Religion Found., Inc., 551 U.S. 587, 598-99 (2007) ("[T]he judicial power of the United States defined by Art. III is not an unconditioned authority to determine the [lawfulness of] legislative or executive acts."). A plaintiff "seeking relief that no more directly and tangibly benefits him than it does the public at large does not state an Article III case or controversy." Hollingsworth v. Perry, 133 S. Ct. 2652, 2663 (2013). A "generalized grievance, no matter how sincere, is insufficient to confer standing." Id.

Amsterdam does not even attempt to identify an injury unique to him; instead, quite to the contrary, Amsterdam styles himself as a representative of a Native Hawaiian community that he alleges disapproves of the State's policy. There is no authority for the proposition that Native Hawaiians are exempt from the ordinary rules of party standing applicable to all litigants in federal court. In failing to articulate an injury other than generalized disapproval of same-sex marriage, Amsterdam fails to meet his burden of showing that he has suffered an injury.

The closest Amsterdam comes to a particularized grievance is his claim that he is injured "as an [e]ducator"

7

because the "Hawaii Public School System . . . teaches eleven year olds about oral and anal sex and promotes and normalizes homosexual values and lifestyle," and his "cultural moral values of Righteousness . . . [make him] unable to teach such [information]."  FAC at 10.  However, the FAC does not actually allege that Amsterdam is a school teacher, only that he "received his Masters in Education at U.C.L.A."  Id.  In any event, Amsterdam fails to articulate any reason why the Hawaii Marriage Equality Act affects the classes taught in Hawaii's schools.  That is, Amsterdam does not allege that, without same-sex marriage, schools would refrain from teaching about oral and anal sex or about what he calls "homosexual values and lifestyle."  In fact, he appears to be complaining that such matters have been addressed in schools even before the law in issue took effect.  Amsterdam's alleged injuries as an "educator," even if they were real, would not be redressable by a court order enjoining the Act.  See Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc., 465 F.3d 1123, 1125 (9th Cir. 2006) (noting that when there is "no redressability, [there is] no standing").

      The State provides a series of alternative reasons to dismiss the Complaint, including Amsterdam's failure to state a claim under federal law, the improper naming of certain parties, and certain Defendants' immunity from suit.  Because Amsterdam

lacks standing to bring his claims, the court does not address any of the State's nonjurisdictional arguments.

The State also asks the court to deny Amsterdam any further leave to amend. A district court's "discretion . . . [to deny leave] is particularly broad where, as here, a plaintiff previously has been granted leave to amend." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 879 (9th Cir. 1999). "Dismissal without leave to amend is proper if it is clear that the complaint [cannot] be saved by amendment." Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008). In dismissing his original Complaint, the court clearly informed Amsterdam that his abstract disapproval of the Hawaii legislature's judgment did not constitute sufficient Article III injury for him to challenge the Marriage Equality Act. Amsterdam has expounded on his disapproval of the law further in the FAC, but has not explained how he has suffered particularized injury. Moreover, based on the allegations in the FAC, the court cannot see how the Act's operation could possibly harm Amsterdam in a concrete and particularized way. The court therefore concludes that any further amendment by Amsterdam would be futile.

**V.      CONCLUSION.**

The court grants the State's motion to dismiss, and denies as moot all other pending motions. The Clerk of Court is

directed to enter judgment for Defendants and to close this case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, February 19, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Amsterdam v. Abercrombie, et al.; Civil No. 13-00649 SOM/KSC; ORDER GRANTING MOTION TO DISMISS CASE AND DENYING AS MOOT ALL OTHER PENDING MOTIONS

10